UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE CUMBERLAND INSURANCE GROUP a/s/o PANG BROTHERS, INC.** <br> 633 SHILOH PIKE <br> BRIDGETON, NJ 08302 <br><br> and <br><br> **NATIONWIDE MUTUAL FIRE INSURANCE COMPANY a/s/o KOLANDER GROUP d/b/a CICI'S PIZZA** <br> ONE NATIONWIDE PLAZA <br> COLUMBUS, OH 43215–2220 <br>         Plaintiffs <br><br> v. <br><br> **CODE.SYS CODE CONSULTING, INC. a/k/a CODE.SYS a/k/a CODE CONSULTING, INC.** <br> 321 GRANT AVENUE <br> PITTSBURGH, PA 15209 <br>         Defendant(s) | CASE NO.: <br><br> **COMPLAINT** |

Plaintiffs, by and through their undersigned counsel and by way of Complaint against Defendant, hereby aver:

## PARTIES

1. Plaintiff The Cumberland Insurance Group (hereinafter "Cumberland"), is a New Jersey corporation engaged in the business of, *inter alia*, providing property insurance with a principal place of business located at the above-captioned New Jersey address; Cumberland is licensed to do business in the Commonwealth of Pennsylvania and at all times relevant hereto provided, *inter alia*, property insurance to Pang Brothers, Inc., covering a building that it owned at 1335 Freeport Road, Pittsburgh, Pennsylvania (hereinafter the "subject property").

2. Plaintiff Nationwide Mutual Fire Insurance Company (hereinafter "Nationwide") is an Ohio corporation engaged in the business of, *inter alia*, providing property insurance with a principal place of business located at the above-captioned Ohio address; Nationwide is licensed to do business in the Commonwealth of Pennsylvania and at all times relevant hereto provided, *inter alia*, property insurance to "Kolander Group d/b/a CiCi's Pizza," covering a building that it rented from Pang Brothers at 1335 Freeport Road, Pittsburgh, Pennsylvania (i.e. the "subject property").

3. Nationwide and Cumberland will be herein collectively referred to as "Plaintiffs"; Kolander Group d/b/a CiCi's Pizza and Pang Brothers, Inc., will herein be collectively referred to as "subrogors"; Kolander Group d/b/a CiCi's Pizza will herein be individually referred to herein as "Kolander."

4. Defendant Code.sys Code Consulting, Inc. a/k/a Code.sys a/k/a Code Consulting, Inc., is a Pennsylvania Corporation having its registered office at 321 Grant Avenue, Pittsburgh, Pennsylvania and having a secondary office located at 321 39th Street, Pittsburgh, Pennsylvania.

## JURISDICTION AND VENUE

5. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states. Moreover, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

6. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

7. Plaintiffs incorporate by reference the preceding paragraphs as though set forth at length herein.

8. Sometime prior to October, 2004, Plaintiffs contracted with a general contractor to perform renovations, which included the installation of an air conditioning unit, at the subject property.

9. On or about October 13, 2004, Code.sys performed an electrical inspection, including but not limited to the air conditioning unit, at the subject property.

10. On or about September 27, 2007, a fire erupted at the subject property.

11. The aforementioned fire was ignited and caused by an electrical malfunction at or about the air conditioning unit, and involving same.

12. The aforementioned fire resulted in significant damages to subrogors' property and the imposition of additional expenses besides; these harms – which caused plaintiffs to pay certain claim monies to subrogors pursuant to the terms and conditions of the insurance policies that plaintiffs provided to subrogors – were directly and proximately caused by defendants as is further and more fully described below.

### COUNT I – NEGLIGENCE
### PLAINTIFFS v. CODE.SYS

13. Plaintiffs incorporate herein by reference the above paragraphs as though same were fully set forth at length.

14. Code.sys owed subrogors a duty of reasonable care to inspect the air conditioning unit in a manner consistent with the applicable standard of care.

15. Through proper actions of its own, Code.sys would have known or should have known that the air conditioning unit and/or its component parts and/or its associated wiring were improperly installed.

16. Code.sys was negligent toward subrogors' welfare by proceeding to inspect the air conditioning unit in spite of what is alleged to have been negligently done, not done, known, and/or should have known as to the negligent installation of the air conditioning unit.

17. More specifically, Code.sys, by and/or through its agents, servants and/or employees, was negligent as follows:

    a. failing to properly and adequately inspect the installation and wiring of the air conditioning unit;

    b failing to take necessary precautions to protect the subrogors by remediating, marking or otherwise notifying and/or alerting subrogors of the existence of an unsafe condition involving the wiring of the air conditioning unit at the time that it was installed, serviced and/or thereafter;

    c. failing to properly inspect and/or test the wiring of the air conditioning unit to make sure that it functioned properly in accordance with all applicable specifications, instructions, rules, customs, regulations, protocols and standards of care relating to its design, assembly, installation, activation, inspection, and/or testing; and/or

    d. failing to instruct, advise, alert, educate, notify, and/or otherwise inform subrogors of the proper maintenance and handling of the system once the air conditioning unit was installed, inspected and thereafter.

18. As a direct and proximate result of Code.sys' above-described negligence and breach(es) of the applicable standard(s) of care, subrogors sustained and incurred damages to which plaintiffs became subrogated; said damages are in an amount in excess of $75,000.00.

**WHEREFORE**, plaintiffs respectfully request judgment against Code.sys – jointly, severally, and/or in the alternative – for damages in an amount in excess of $75,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II – BREACH OF CONTRACT
## PLAINTIFFS v. CODE.SYS

19. Plaintiffs incorporate herein by reference the above paragraphs as though same were fully set forth at length.

20. Upon information and belief, Code.sys entered into a contract with O'Hara Township to perform inspection and within that contract, Code.sys inspected the electrical work at the subject property (and of which Plaintiffs were third-party beneficiaries); plaintiffs are not in possession of the contract, but believe Code.sys is in a superior position to be in possession of same anyway.

21. Through the careless, negligent, and other unlawful conduct on the part of Code.sys through its servants, employees, and/or agents as set forth in Count I above, Code.sys breached the express and/or implied terms of the contract.

22. As a proximate result of the contractual breach of Code.sys, subrogors sustained and incurred damages to which plaintiffs became subrogated; said damages are in an amount in excess of $75,000.00.

23. Subrogors had and have performed all conditions precedent to recover based upon such breaches.

**WHEREFORE**, plaintiffs respectfully request judgment against Code.sys - jointly, severally, and/or in the alternative – for damages in an amount in excess of $75,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT III – BREACH OF EXPRESS AND IMPLIED WARRANTIES
## PLAINTIFFS v. CODE.SYS

24. Plaintiffs incorporate herein by reference the above paragraphs as though same were fully set forth at length.

25. In light of the improper inspection of the air conditioning unit, Code.sys breached its implied warranties subrogors had rights to rely upon, including but not limited to those described at 13 Pa.C.S. § 2314 and 2315, and otherwise in Pennsylvania law.

26. Subrogors used the air conditioning unit in a foreseeable and ordinary manner, of which Code.sys should have been aware and for which Code.sys' expertise was relied upon, and yet they sustained damages as described above due to the improper installation and servicing thereof.

27. As a direct and proximate result of Code.sys' above-described breach of warranties, subrogors sustained and incurred damages to which plaintiffs became subrogated; said damages are in an amount in excess of $75,000.00.

**WHEREFORE**, plaintiffs respectfully request judgment against Code.sys – jointly, severally, and/or in the alternative – for damages in an amount in excess of $75,000.00, plus

costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

                **NELSON LEVINE de LUCA & HORST, LLC**

                BY: *s/ Daniel J. de Luca*
                Daniel J. de Luca
                Attorney for Plaintiffs
                Attorney I.D. # 74727
                518 Township Line Road, Suite 300
                Blue Bell, PA 19422
                215-358-5142 (phone)
                215-358-5101 (fax)

Date: September 23, 2009